**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

|  |  |  |
|---|---|---|
| TODD CAMPBELL and DWAYNE TURNER, | : : : : | |
| Plaintiffs, | : : | |
| v. | : : | |
| QUIXTAR, Inc., | : : | |
| Defendant. | : : | |
| Purported Additional Plaintiffs: | : : | CIVIL ACTION NO. 2:08-CV-0044-RWS |
| NEW HORIZON ASSOCIATION, LLC, a Georgia Limited Liability Co., SUMMIT BUSINESS SYSTEMS, LLC, a Georgia Limited Liability Co., BILLY and PEGGY FLORENCE, CHUCK GOETCHEL, MATTHEW ABRAHAM, TIM MARKS, and JUCO CONSULTING, LLC, a Florida Limited Liability Co. | : : : : : : : : : : | |

**<u>ORDER</u>**

Now before the Court is Defendant's Motion to Stay Litigation, Compel Alternative Dispute Resolution, and Dismiss [21]; Plaintiffs' Motion to Remand [22]; Plaintiffs' Motion for Leave to File Excess Pages [24]; and Plaintiffs'

Motion for Status Conference [39]. As an initial matter, Plaintiffs' Motion for Leave to File Excess Pages [24] and Plaintiffs' Motion for Status Conference are **GRANTED nunc pro tunc**. After considering the entire record, the Court enters the following Order.

## Background

This is an action for declaratory and injunctive relief in which Plaintiffs Todd Campbell and Dwayne Turner seek invalidation of certain non-compete and non-solicitation provisions contained in their former distributorship contracts with Defendant Quixtar, Inc. ("Quixtar"), the successor to Amway Corporation. Plaintiffs, who are both Georgia residents, initially brought this action against Quixtar in the Superior Court of White County, Georgia, on August 22, 2007. At that time, they were independent distributors for the Quixtar marketing network. After resigning their Quixtar distributorships at the beginning of January 2008, Plaintiffs Campbell and Turner filed their First Amended and Second Amended Complaints on February 15 and March 3, 2008, respectively, which amended their claims and allegations and purportedly added numerous additional plaintiffs without approval of the Superior Court. Among the purported plaintiffs added by amendment were Chuck Goetchel, a

2

California resident (Compl. ¶ 7); Matthew Abraham, a Michigan resident (Compl. ¶ 8); and Tim Marks, a Florida resident (Compl. ¶ 9).  The remainder of the purportedly added plaintiffs are Georgia residents.  (Compl. ¶¶ 1-6.)  Defendant Quixtar is a Virginia corporation with its principal place of business in Michigan.  (Compl. ¶ 11.)  The addition of Matthew Abraham, because of his Michigan residency, ostensibly destroyed complete diversity between the parties.

On March 5, 2008, within thirty days of the filing of the First and Second Amended Complaints, Defendant removed this action to this Court on the grounds of diversity jurisdiction.  Plaintiffs have since moved to remand this action to the Superior Court.  In the event that the Court has jurisdiction over this matter, Defendant has moved to stay this litigation and enforce a mandatory alternative dispute resolution clause, or in the alternative, to dismiss this action.  The Court now takes up these Motions.

## Discussion

### I.   Motion to Remand

Unless Congress explicitly provides otherwise, a defendant may remove to federal court a civil action brought in state court, provided that the federal

3

court has original jurisdiction over the action. 28 U.S.C. § 1441(a)-(b). The party seeking removal bears the burden of establishing federal jurisdiction. Friedman v. New York Life Ins. Co, 410 F.3d 1350, 1353 (11th Cir. 2005). Removal statutes should be construed narrowly with any doubt resolved in favor of remand. Allen v. Christenberry, 327 F.3d 1290, 1293 (11th Cir. 2003); Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996); see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994) ("Defendant's right to remove and plaintiff's right to choose his forum are not on equal footing; . . . removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand.").

Original jurisdiction may be based on either the presence of a federal question or diversity of citizenship of the parties. 28 U.S.C. §§ 1331, 1332. Where the Court's removal jurisdiction is predicated on diversity of citizenship, several constraints on the exercise of jurisdiction exist. First, complete diversity is required. That is, every plaintiff must be diverse from every defendant. Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). Second, even where there is complete diversity, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332. Removal "is proper if it

4

is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Williams v. Best Buy Co., 269 F. 3d 1316, 1319 (11th Cir. 2001) (citations and quotations omitted).

Under 18 U.S.C. § 1446(b), a defendant must remove an action within thirty days from the time it could have been discovered that the case was removable. The full text of 28 U.S.C. § 1446(b) provides as follows:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

5

AO 72A
(Rev.8/82)

28 U.S.C. § 1446(b).

In their Motion to Remand, Plaintiffs contend that this Court does not have removal jurisdiction under 28 U.S.C. § 1441(b) because Defendant did not comply with the 30-day deadline for removal prescribed by 28 U.S.C. § 1446(b). Plaintiffs contend, in effect, that removal jurisdiction existed at the time of the filing of the initial Complaint and thus Defendant failed to comply with 28 U.S.C. § 1446(b) by waiting until after the First and Second Amended Complaint were filed to remove this action. Second, Plaintiffs contend that this Court does not have removal jurisdiction because the parties, as a result of the addition of Plaintiff Abraham, are no longer completely diverse—both Abraham and Defendant are residents of Michigan. Finally, Plaintiffs seek attorney's fees.

Although Defendant concedes that the parties were completely diverse at the time of the filing of the original Complaint, Defendant responds by contending that this case was not removable until February 15, 2008, when Plaintiffs Campbell and Turner filed their First Amended Complaint. It was not until then, Defendant contends, that the amount in controversy exceeded $75,000. Defendants point out that Plaintiffs Campbell and Turner sought in

6

their original Complaint only to preserve their then-existing distributorship relationship with Quixtar, which was not valuable because of the small amount of revenues generated by Plaintiffs. In contrast, in their First and Second Amended Complaints—which were filed after Plaintiffs Campbell and Turner terminated their Quixtar distributorships—Plaintiffs sought declaratory and injunctive relief against Quixtar establishing their right to compete against Quixtar. Such injunctive relief would entitle Plaintiffs Campbell and Turner to become distributors for a Quixtar competitor and potentially manage a newly formed company, New Horizon Association LLC, which is owned by a former Quixtar distributor with the potential of creating millions of dollars in business.

Plaintiffs Campbell and Turner do not dispute that the amount in controversy at present exceeds $75,000, but instead contend that the amount in controversy likely exceeded $75,000 even at the time they brought their original Complaint. Thus, Plaintiffs contend, by waiting until after the filing of the First and Second Amended Complaints, Defendant's removal was untimely.

After thorough review, the Court agrees with Defendant that this case was not removable until Plaintiffs Campbell and Turner filed their First Amended Complaint, which added substantially different claims and caused the

likely amount in controversy in this litigation to surpass $75,000. Plaintiffs Campbell and Turner's initial complaint sought only to protect their then-existing Quixtar businesses from alleged breaches of contract and tortious interference. In 2007, both Plaintiff Cambell's and Plaintiff Turner's Quixtar distributorships generated less than $200 per month combined. In view of the relatively small revenues generated by Plaintiffs, the Court finds that a declarative or injunctive order preserving the status quo of their Quixtar distributorships would likely not have been valued over $75,000, and therefore the amount in controversy was insufficient to trigger federal jurisdiction.

At the beginning of January 2008, however, Plaintiffs Campbell and Turner resigned from their Quixtar distributorships and formed a new entity. They subsequently amended their Complaint to seek injunctive relief against Quixtar forbidding Quixtar from enforcing non-solicitation and non-compete clauses in the former distributorship agreement between Quixtar and Plaintiffs Campbell and Turner. Plaintiffs Campbell and Turner do not dispute that the value of such an injunction likely exceeds $75,000. From the face of the Complaint, therefore, the Court finds that the likely value of the relief sought by Plaintiffs Campbell and Turner in the First and Second Amended

Complaint—an effective nullification of the non-compete and non-solicitation clauses in their distributorship contracts—exceeds $75,000.

In sum, Defendant was put on notice of the existence of federal jurisdiction at the time of the filing of the First Amended Complaint. Because Defendant removed this action within thirty days of the filing of the First Amended Complaint, Defendant's removal was timely under 28 U.S.C. § 1446(b).

Plaintiffs also contend that this Court does not have removal jurisdiction because complete diversity does not exist between the parties. Specifically, Plaintiffs point to the single non-diverse plaintiff in this action—Matthew Abraham. However, as Defendants correctly point out, Plaintiffs purported to add Matthew Abraham into this action by way of amending their Complaint, but they did not seek permission from the Georgia Superior Court to add any additional Plaintiffs to this action. As such, no addition of Matthew Abraham occurred. O.C.G.A. §§ 9-11-15(a), 9-11-21; Peachtree/Stratford, L.P. v. Phoenix Home Life Ins. Co., No. 1:06-CV-514-RWS, 2006 WL 1209893, at *5 (N.D. Ga. May 2, 2006); see also Dollar Concrete Const. Co. v. Watson, 428 S.E.2d 379, 380-81 (Ga. Ct. App. 1993) (stating that O.C.G.A. § 9-11-15(a)

9

must be read in *pari materia* with O.C.G.A. § 9-11-21, which allows the dropping and adding of parties only by order of the court on motion of any party); Valdosta Hotel Properties, LLC v. White, 628 S.E.2d 642, 645-46 (Ga. App. 2006).

Plaintiffs do not dispute that they improperly added Matthew Abraham (and all other named plaintiffs except Plaintiffs Campbell and Turner). Rather, Plaintiffs respond by arguing in their reply brief that this Court should ignore the ineffective joinder of Matthew Abraham because Defendant waived its right to remove this case by actively participating in the state court process below. Plaintiffs point to Defendant's efforts to dismiss the action and enforce an alternative dispute resolution clause that existed in the parties' former distributorship contract. However, "the mere filing of a motion to dismiss followed by a timely and proper removal does not constitute waiver by participation." Hill v. State Farm Mutual Auto. Ins. Co., 72 F. Supp. 2d 1353, 1355-56 (M.D. Fla. 1999). Since Plaintiffs fail to point to any other substantial efforts by Defendant to litigate this action in a manner inconsistent with its right to remove this action, the Court declines to hold that Defendant waived removal.

10

It is undisputed that the addition of Plaintiff Abraham was improper and without effect. Thus, his purported presence in the instant action must be ignored—as must be all other parties purportedly added by Plaintiffs Campbell and Turner without permission of the Superior Court in their First and Second Amended Complaints. Because the only proper plaintiffs in this action—Plaintiffs Campbell and Turner (both Georgia residents)—are completely diverse from Defendant and the amount in controversy exceeds $75,000, this Court has original jurisdiction over this action, and Defendant's removal was proper.

Accordingly, Plaintiffs' Motion to Remand [22] is **DENIED**.[1]

## II.    Motion to Stay, Compel Arbitration, and Dismiss

Defendant moves to dismiss this action, contending that it has unequivocally abandoned and waived its right to enforce the non-solicitation and non-compete clauses present in its former distributorship contracts with Plaintiffs Campbell and Turner, and thus no justiciable controversy is present

---

[1] Insofar as Plaintiff moves for attorney fees, their request is **DENIED**.

11

between the parties.[2]  Defendant has provided a sworn statement that "Quixtar will not seek to enforce any post-termination non-compete or non-solicitation provisions of its contracts with Mr. Campbell or Mr. Turner, due to their particular circumstances."  (Quixtar Ex. 2, VanderVen Aff. ¶ 54 [21-4].)  Defendant additionally states that "Plaintiffs Campbell and Turner are free to compete with Quixtar and to solicit former Quixtar IBOs."  (Def.'s Reply to Mot. to Stay [33] at 3.)

The Court takes Defendant at its word.  Based on Quixtar's sworn *in judicio* statements above, the Court **FINDS** that Quixtar has unequivocally abandoned any right to enforce any non-competition or non-solicitation clause under any contract it has entered into with Plaintiffs Campbell and Turner.  Because Defendant's unequivocal abandonment remedies any live controversy that previously existed between the parties, Plaintiffs Campbell and Turner's efforts in this action are now moot.  Accordingly, Defendant's Motion to

---

[2] In the alternative, Defendant moves to stay this action and to order Plaintiffs to participate in an alternative dispute resolution mechanism provided in Defendant's distributorship agreements. However, as a result of the Court's resolution, the Court need not consider Defendant's alternative argument.

Dismiss is **GRANTED**.  This action is **DISMISSED without prejudice as MOOT.**

## Conclusion

For the aforementioned reasons, Plaintiffs' Motion to Remand [22] is **DENIED**.  Plaintiffs' Motion for Leave to File Excess Pages [24] is **GRANTED nunc pro tunc**.  Plaintiffs' Motion for Status Conference [39] is **GRANTED nunc pro tunc**.  Based on Quixtar's sworn *in judicio* statements, the Court **FINDS** that Quixtar has unequivocally abandoned any right to enforce any non-competition or non-solicitation clause under any contract it has with Plaintiffs Campbell and Turner.  Defendant's Motion to Dismiss [21] is **GRANTED**.   This action is **DISMISSED without prejudice as moot**.  Defendant's Motions to Stay Litigation and Compel Alternative Dispute Resolution are **DENIED.**

**SO ORDERED** this  13th  day of June, 2008.

*/s/ Richard W. Story*
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)